UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 26, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lavera C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2341-BAH

Dear Counsel:

On September 14, 2021, Plaintiff Lavera C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") final decision to deny Plaintiff's claim for Disability Insurance Benefits. ECF 1. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand, ECF 9, and Defendant's Motion for Summary Judgment, ECF 10. I have considered the record in this case and the parties' filings. ECF 8, 9, 10. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **BACKGROUND**

Plaintiff filed a Title II application claim for a period of disability and disability insurance benefits ("DIB") on February 6, 2018,[1] alleging a disability onset of January 5, 2018. Tr. 152–53. Plaintiff's claim was denied initially and on reconsideration. Tr. 82–85, 89–90. On February 29, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 27–55. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7–21. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process to evaluate Plaintiff's claims. *See* 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff engaged in substantial activity from November 24, 2018, to January 4, 2019, because Plaintiff's earnings as a seasonal worker with the United States Postal Service during that period amounted to substantial

---

[1] The Administrative Law Judge's decision lists an application filing date of January 31, 2018, Tr. 10, and the Court Transcript Index lists the application filing date as February 7, 2018, Tr. Index 1. Plaintiff's application for benefits, Tr. 152, lists February 6, 2018, as the filing date, and is adopted by the Court herein.

*Lavera C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2341-BAH
May 26, 2022
Page 2

gainful activity. Tr. 13. The ALJ then determined that Plaintiff's current part-time work as a substitute teacher did not rise to the level of substantial gainful activity. Tr. 13. The ALJ concluded that "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period the claimant did not engage in substantial gainful activity." Tr. 31.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease and obesity." Tr. 13. The ALJ then found that Plaintiff's alleged impairments from kidney disease and asthma were "non-medically determinable impairments" due to a lack of "medical evidence showing a diagnosis of either impairment or substantiating limitations from either impairment." Tr. 13. At step three, the ALJ determined that neither of Plaintiff's severe impairments met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 13.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except for the following limitations. She can frequently climb ramps and stairs, balance, kneel, crouch, and crawl. She can occasionally climb ladders, ropes, or scaffolds, and stoop. She must avoid concentrated exposure to vibrations and pulmonary irritants." Tr. 14. At step four of the evaluation process, the ALJ determined that Plaintiff was capable of performing past relevant work as a Customer Service Representative, Securities Vault Supervisor, and Financial Institution Manager, and stated that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. 16. Therefore, the ALJ concluded that Plaintiff was not disabled from January 5, 2018, through February 28, 2020, the date of the ALJ's decision. Tr. 17.

## II.  ANALYSIS

Plaintiff raises two main arguments on appeal, specifically that the ALJ erroneously: 1) evaluated Plaintiff's subjective complaints, and 2) assessed Plaintiff's RFC. Pl.'s Br. 3–13, ECF 9-1. As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Against this backdrop, the Court considers Plaintiff's first claim: that the ALJ applied an improper standard in evaluating Plaintiff's subjective complaints. Pl.'s Br. 3, ECF 13-1. Plaintiff

Case 8:21-cv-02341-BAH   Document 11   Filed 05/26/22   Page 3 of 5

*Lavera C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2341-BAH
May 26, 2022
Page 3

states that "[w]hile the [ALJ] determined that the Plaintiff had demonstrated an impairment reasonably expected to produce the type and degree of her subjective complaints, [the ALJ] erroneously required the Plaintiff to prove the type and degree of her subjective complaints by objective medical evidence, and determined that she had not done so." *Id.* at 6. Further, Plaintiff contends that the ALJ "specifically rejected the Plaintiff's testimony regarding her subjective complaints on the basis that [Plaintiff's] complaints were not supported by objective evidence." *Id.* at 7. Defendant counters that Plaintiff "dismiss[ed] the fact that an ALJ is required to consider all of the relevant record, including objective evidence, when assessing a claimant's subjective complaints and making a proper RFC finding." Def.'s Br. 7–8, ECF 10-1. Plaintiff has the stronger argument.

"In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test." *Larry W. v. Kijikazi*, Civil No. TJS-21-693, 2022 WL 986107, at * 3 (D. Md. Apr. 1, 2022) (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 404.1529(a)). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* (citing 20 C.F.R. §§ 404.1529(b)). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* (citing 20 C.F.R. § 404.1529(c)). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, an ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* (quoting SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016)). Here, the ALJ erred in evaluating Plaintiff's complaints of pain.

"Since the 1980s," the Court of Appeals for the Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). "Rather, a claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Id.* (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). In *Arakas*, the Fourth Circuit found that the ALJ had properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework." 983 F.3d at 96. "But at the second step, the ALJ improperly discredited Arakas's statements about the severity, persistence, and limited effects on her symptoms because he did not find them to be 'completely consistent with the objective evidence.'" *Id.* (internal citations omitted). "Because Arakas was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (internal citations omitted). The Fourth Circuit concluded that the ALJ "'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.*

Case 8:21-cv-02341-BAH   Document 11   Filed 05/26/22   Page 4 of 5

*Lavera C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2341-BAH
May 26, 2022
Page 4

(quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).  This case is similar to *Arakas*.

> Here, the ALJ summarized Plaintiff's self-reported symptoms in a single paragraph:
>
> The claimant alleged that she could no longer work due to the symptoms from her impairments, including back pain.  She stated that she has bilateral sciatica and degenerative disc arthritis in her spine, with pain that radiates all the way down her legs.  She testified that on a bad day everything tightens and causes her to limp.  She stated these symptoms occur two to three times per week.  She alleged that her pain started in 2017 and the symptoms have been constant to the present.

Tr. 14.  The ALJ correctly conducted the first step of the two-step process and found that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms . . . ." Tr. 14.  However, the ALJ erred in finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . because they are not supported by the objective medical evidence." Tr. 14–15.

In performing this second step of the subjective symptoms analysis, the ALJ focused almost exclusively on a 2018 consultative examination and a 2018 orthopedic visit. Tr. at 15.  The ALJ also relied on notes from doctor's visits prior to Plaintiff's onset date. *Id.* The ALJ rejected Plaintiff's hearing testimony and statements as being inconsistent with these records because "[t]here is no evidence of treatment for her back pain in the first nine months of the evaluation period" and because "[t]he lack of evidence undermines the claimant's allegations." Tr. 15.  This is precisely the type of analysis the Fourth Circuit cautioned against in *Arakas*.  983 F. 3d at 97 ("Thus, while the ALJ may have considered other evidence, his opinion indicates that the lack of objective medical evidence was his chief, if not definitive, reason for discounting Arakas's complaints.") (citation omitted).[2]  Plaintiff was "entitled to rely exclusively on subjective evidence" to prove the severity, persistence, and limiting effects of her symptoms. *See Arakas*, 983 F.3d at 96.  Thus, the ALJ erred by "improperly increas[ing] her burden of proof by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.*  Therefore, since the ALJ failed to apply the correct legal standard when evaluating Plaintiff's subjective complaints as part of the RFC assessment and effectively increased Plaintiff's burden of proof, remand is warranted.  *Id.* at 96.

Because the case is being remanded on other grounds, I need not address Plaintiff's second argument regarding the ALJ's failure to properly assess Plaintiff's RFC.  On remand, the ALJ can and should consider this argument and make any required adjustments to the opinion.

---

[2] It bears noting that at least some of this evidence was consistent with Plaintiff's claims of pain.  For example, record of Plaintiff's 2018 orthopedic visit noted "back pain" that was radiating "down [Plaintiff's] right leg . . . ." Tr. 530.

*Lavera C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2341-BAH
May 26, 2022
Page 5

### III.     CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 9, is DENIED, and Defendant's Motion for Summary Judgment, ECF 10, is DENIED.  Plaintiff's alternative motion for remand, ECF 9, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge